**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ROGER LIEBING et al., | |
| Plaintiffs, | No. 17-CV-142-LRR |
| vs. | **ORDER** |
| ROBERT SAND et al., | |
| Defendants. | |

_____

### TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . *2*

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION . *4*

V.   PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION . . *4*
    A.   *Absolute Immunity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
         1.   *Defendants Sand, Cmelik, Burstein and Miller* . . . . . . . . . . . *5*
         2.   *Defendants Simmons and Ferjak* . . . . . . . . . . . . . . . . . . . *6*
         3.   *Defendants Judge Baumgartner and Judge Bruns* . . . . . . . . . *7*
    B.   *Exhaustion of Administrative Remedies* . . . . . . . . . . . . . . . . . . . *9*
    C.   **Heck v. Humphrey** *and Issue Preclusion* . . . . . . . . . . . . . . . . . . *10*
    D.   *Sanctions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
         1.   *Defendants' Motion for Sanctions* . . . . . . . . . . . . . . . . . . *11*
         2.   **Sua Sponte** *Sanctions* . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

### *I. INTRODUCTION*

The matters before the court are Defendants Robert Sand, Kevin Cmelik, Tom J. Miller, Michael Ferjak, Kerry Bolt, Darrell Simmons, Daniel Burstein, Judge Nancy Baumgartner, Judge Christopher Bruns, Robert Johnson, Don Harris, Terry Hawkins, Todd Carver, Dawn Fulton, Rob Seil, Paula Addison and Neddie Renshaw's (collectively,

"Defendants") Objections ("Defendants' Objections") (docket no. 52) and Plaintiffs Roger Liebing, Gary McCool, Alan Lucas, Covenant Investment Fund, LP, Prosapia Capital Management, LLC, Phalanx Technology Holdings, LLC and Asherlee Management Services, LLC's (collectively, "Plaintiffs") Objections ("Plaintiffs' Objections") (docket no. 53) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 49), which recommends that the court grant Defendants' Motion to Dismiss (docket no. 36), deny Defendants' Motion for Sanctions (docket no. 38) and consider *sua sponte* imposing sanctions against Plaintiffs and their attorneys. *See* Report and Recommendation at 45-46.

## II. RELEVANT PROCEDURAL HISTORY

On November 15, 2017, Plaintiffs filed the "Verified Complaint for Temporary Restraining Order, Permanent Injunction, Writ of Habeas Corpus and Declaratory Relief" ("Complaint") (docket no. 1) in the Southern District of Iowa. The Complaint contains twenty-six claims for declaratory and injunctive relief. *See* Complaint at 31-36. On November 21, 2017, this matter was transferred to the Northern District of Iowa. *See* Order Transferring Case (docket no. 2). On November 29, 2017, the court dismissed Lucas's claim brought pursuant to 28 U.S.C. § 2254 and directed the clerk's office to reclassify this matter as a case brought pursuant to 42 U.S.C. § 1983. *See* November 29, 2017 Order (docket no. 8) at 4.

On December 13, 2017, Defendants filed the Motion to Dismiss and the Motion for Sanctions. On January 5, 2018, Plaintiffs filed a Resistance to the Motion to Dismiss (docket no. 42) and a Resistance to the Motion for Sanctions (docket no. 43). On January 9, 2018, Defendants filed a Reply to the Resistance to the Motion to Dismiss (docket no. 44) and a Reply to the Resistance to the Motion for Sanctions (docket no. 45).

On February 2, 2018, the court referred the matters to Judge Williams. *See* February 2, 2018 Order (docket no. 48). On March 26, 2018, Judge Williams issued the

Report and Recommendation, which recommends that the court grant the Motion to Dismiss, deny the Motion for Sanctions and consider *sua sponte* imposing sanctions against Plaintiffs and their attorneys. On April 27, 2018, Defendants filed Defendants' Objections. On April 30, 2018, Plaintiffs filed Plaintiffs' Objections. Neither party requests oral argument, and the court finds that it is unnecessary. The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

Pursuant to statute, the court applies the following standard of review to the report and recommendation of a magistrate judge:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for de novo review of a magistrate judge's report and recommendation on dispositive motions when objections are made. Fed. R. Civ. P. 72(b)(3). The Eighth Circuit Court of Appeals has held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (providing that "failure to engage in the required de novo review is reversible error").

The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendation for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. *DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION*

Defendants raise one factual objection to the Report and Recommendation. In the Report and Recommendation, Defendant Robert Johnson is "identified as the Warden of the Iowa State Penitentiary in [Fort] Madison, Iowa." Defendants' Objections at 1. Johnson was misidentified and is "actually the Warden of the [Fort] Dodge Correctional Facility in [Fort] Dodge, Iowa." *Id*. Upon review, the court finds that Johnson was misidentified in the Report and Recommendation and the record should reflect that he is the Warden of the Fort Dodge Correctional Facility not the Warden of the Iowa State Penitentiary in Fort Madison. Accordingly, the court shall sustain Defendants' objection.

## V. *PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION*

Plaintiffs raise eight objections to the Report and Recommendation. First, Plaintiffs argue that Defendants Sand, Burstein, Cmelik and Miller are not entitled to absolute immunity. *See* Plaintiffs' Objections at 5-7. Second, Plaintiffs argue that Defendants Simmons and Ferjak are not entitled to absolute immunity.[1] *Id*. at 8. Third, Plaintiffs argue that the Honorable Nancy Baumgartner and the Honorable Christopher Bruns, District Court Judges in the Sixth Judicial District for the State of Iowa, are not entitled to absolute immunity. *Id*. at 8-9. Fourth, Plaintiffs argue that the claims against Defendants Johnson, Harris, Hawkins, Carver, Fulton, Seil, Addison and Renshaw should not be dismissed for failure to exhaust administrative remedies. *Id*. at 10. Fifth, Plaintiffs argue that this matter is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*. at 9-10. Sixth, Plaintiffs argue that issue preclusion does not apply in this matter. *Id*. at 3-4. Seventh, Plaintiffs argue that 28 U.S.C. § 1915A, which requires a court to perform an initial review of a complaint in a civil action filed by a prisoner against a governmental entity, officer or employee, is inapplicable to the non-prisoner Plaintiffs. *Id*. at 4-5.

---

[1] Plaintiffs raise no objections to Judge Williams's conclusion that Defendant Bolt is entitled to absolute immunity. *See* Plaintiffs' Objections at 8.

Eighth, Plaintiffs argue that Rule 11 sanctions are unwarranted. *Id*. at 11.

## A. Absolute Immunity

### 1. Defendants Sand, Cmelik, Burstein and Miller

Plaintiffs allege that Sand, Cmelik, Burstein and Miller (collectively, "Defendant Prosecutors") violated Plaintiffs' constitutional rights by prosecuting Lucas and seizing assets as part of Lucas's prosecution. *See generally* Complaint at ¶¶ 67-71. Plaintiffs object to Judge Williams's conclusion that "the prosecutor [D]efendants in this case are entitled to absolute immunity" and are "immune from suit for their official conduct." Report and Recommendation at 22-23. Plaintiffs argue that Sand, Cmelik, Burstein and Miller are not entitled to absolute immunity because (1) Burstein and Sand misrepresented facts in court documents, (2) Sand violated Lucas's First Amendment rights by bringing contempt charges against Lucas and (3) all four Defendant Prosecutors presented false evidence in state court proceedings. *See* Plaintiffs' Objections at 5-7.

Prosecutors enjoy absolute immunity from civil liability "when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). "'Actions connected with initiation of prosecution, even if those actions are patently improper' are immunized." *Schenk*, 461 F.3d at 1046 (alteration omitted) (quoting *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987)); *see also Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) ("Immunity is not defeated by allegations of malice, vindictiveness, or self-interest."). However, absolute immunity is not available to prosecutors for administrative or investigative actions unrelated to the initiation of a prosecution. *See Schenk*, 461 F.3d at 1046. Thus, the issue of "whether absolute . . . immunity applies depends on whether the prosecutor's acts were prosecutorial, investigatory or administrative in nature." *Id*. (quoting *Anderson*, 327 F.3d at 768).

Here, the actions of Defendant Prosecutors that Plaintiffs allege violated their constitutional rights are all prosecutorial functions that are "intimately associated with the judicial process." *Shenk*, 461 F.3d at 1046. Because Defendant Prosecutors are entitled to absolute immunity, whether Defendant Prosecutors misrepresented facts in court documents, violated Lucas's rights by bringing comtempt charges or presented false evidence in state court proceedings as alleged by Plaintiffs is irrelevant. *See id*. ("'Actions connected with initiation of prosecution, even if those actions are patently improper' are immunized." (alteration omitted) (quoting Anderson, 327 F.3d at 768)); *Reasonover*, 447 F.3d at 580 ("Even if [a prosecutor] knowingly presented false, misleading, or perjured testimony, or even if he [or she] withheld or suppressed exculpatory evidence, he [or she] is absolutely immune from suit."). Accordingly, the court shall overrule this objection.

### 2. *Defendants Simmons and Ferjak*

Plaintiffs allege that Simmons and Ferjak presented false evidence and testimony in judicial proceedings. *See generally* Complaint at ¶¶ 67, 70. Plaintiffs object to Judge Williams's conclusion that Simmons and Ferjak are entitled to absolute immunity. *See* Report and Recommendation at 26-27. Judge Williams noted that "Defendant investigators argue that [P]laintiffs are pursuing claims against them as witnesses to certain events. Defendants argue that they were acting pursuant to an authorized court order and cannot be subject to suit as mere witnesses. Plaintiffs did not respond to this argument in their brief." *Id*. at 26 (citations omitted). Plaintiffs failed to respond to Defendants' argument and did not even mention Simmons or Ferjak in the Brief in Resistance to the Motion to Dismiss ("Resistance Brief") (docket no. 42-1).

Plaintiffs now argue, for the first time, that Simmons and Ferjak are not entitled to absolute immunity because they executed a warrant seizing assets without giving notice to Plaintiffs and other parties that allegedly had ownership interests in the seized property. *See* Plaintiffs' Objections at 8. Because Plaintiffs failed to raise this argument, or any

6

argument related to Simmons or Ferjak before Judge Williams, the objection is waived. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (finding that, when a case is referred for a report and recommendation, it is proper for a district court to refuse to consider an argument not presented first to the magistrate judge). Accordingly, because Plaintiffs' argument is waived, the court shall overrule this objection.

### 3. *Defendants Judge Baumgartner and Judge Bruns*

Plaintiffs allege that Judge Baumgartner and Judge Bruns violated Plaintiffs' constitutional rights by issuing orders and judgments against Lucas. *See generally* Complaint at ¶¶ 47-49, 53, 66, 71-72. Plaintiffs object to Judge Williams's conclusion that "the claims against the state court judges [are] frivolous when it is clear under the case law that the judges are absolutely immune from suit." Report and Recommendation at 25.

Plaintiffs raise two arguments in the Plaintiffs' Objections. First, Plaintiffs argue, for the first time, that "neither Judge Baumgartner nor Judge Bruns had subject matter jurisdiction over the property or the assets of Covenant, Prosapia and Phalanx Technology nor the right to make determinations effecting these limited partnerships organized under Delaware law." Plaintiffs' Objections at 8. Plaintiffs did not raise the issue of jurisdiction before Judge Williams. *See generally* the Resistance at 2; Resistance Brief at 15. Because Plaintiffs failed to raise the jurisdictional argument before Judge Williams, they have waived this objection. *See Ridenour*, 679 F.3d at 1067 (finding that, when a case is referred for a report and recommendation, it is proper for a district court to refuse to consider an argument not presented first to the magistrate judge).

Second, Plaintiffs also argue in vague terms that, by holding Lucas in contempt of court in two separate instances, Judge Baumgartner and Judge Bruns improperly enforced a no contact order issued against Lucas. *See* Plaintiffs' Objections at 8-9.

Absolute judicial immunity "is an immunity from suit, not just from ultimate

7

assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice. . . ." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly. . . ."). A judge is not entitled to judicial immunity in only two sets of circumstances: (1) for nonjudicial actions, which are actions that are taken out of the judge's judicial capacity; and (2) functions that were judicial in nature, if the actions were taken in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from . . . liability."); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978))). In determining whether an act by a judge is "judicial," courts must consider "whether the judge was interacting with the complaining party in a judicial capacity." *Liles*, 804 F.2d at 495.

It is apparent that, (1) in presiding over Lucas's criminal trial and related proceedings, (2) in entering a no contact order against Lucas, and (3) later finding Lucas in contempt of that order, Judge Baumgartner and Judge Bruns were clearly acting within their respective judicial capacities. *See Robinson*, 15 F.3d at 108 ("Judges performing judicial functions enjoy absolute immunity from . . . liability."). Additionally, while Plaintiffs waived the issue of jurisdiction, the court believes it is pertinent to the issue of absolute immunity and finds that Judge Baumgartner and Judge Bruns had jurisdiction over the proceedings involving Lucas. *See* Iowa Code sections 602.6101; 602.6104(1); 602.6202 (providing Iowa district court judges with general jurisdiction over criminal matters). Thus, Judge Baumgartner and Judge Bruns meet both prongs of the two-part test for determining immunity and, therefore, are both entitled to absolute judicial immunity. *See* Liles, 804 F.2d at 495. Accordingly, the court shall overrule this objection.

### B. *Exhaustion of Administrative Remedies*

Plaintiffs allege that, while Lucas has been incarcerated, Johnson, Harris, Hawkins, Carver, Fulton, Seil, Addison and Renshaw (collectively, "Prison Defendants") have: (1) denied Lucas access to counsel, (2) denied Lucas access to the prison library, (3) opened and read the contents of Lucas's legal mail, (4) disciplined Lucas by removing him from the honor dormitory and (5) placed Lucas on twenty-three hour cell confinement for fifty days, all in violation of his constitutional rights. *See generally* Complaint at ¶¶ 73-76. Plaintiffs object to Judge Williams's conclusion that the Complaint should be dismissed as to Prison Defendants because "it is clear from the face of the [C]omplaint that [P]laintiff Lucas never exhausted his administrative remedies." Report and Recommendation at 36.

Plaintiffs argue, for the first time, that Lucas should be allowed to "amend his [C]omplaint to allege that the Fort Dodge Correctional Facility does not have an adequate grievance system to address [the] violation of his right of privacy and for retaliation due to his attempts to exercise his rights." Plaintiffs' Objections at 10. For the first time, Lucas also seeks "leave to file an amended complaint" to set out facts demonstrating intimidation and retaliation occurring at the Fort Dodge Correctional Facility. *Id*. Because Plaintiffs failed to seek leave to amend the Complaint while this matter was before Judge Williams, the objection is waived. *See Ridenour*, 679 F.3d at 1067 (finding that, when a case is referred for a report and recommendation, it is proper for a district court to refuse to consider an argument not presented first to the magistrate judge). *See also* Fed. R. Civ. P 15(a)(1) (pursuant to Rule 15 the time for amending the complaint as a matter of course has passed); *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (providing denial of leave to amend is justified "by undue delay, bad faith on the party of the moving party, futility of the amendment or unfair prejudice to the opposing party"); *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (providing that a party does not have an absolute or

automatic right to amend). Accordingly, because Plaintiffs' argument is waived, the court shall overrule this objection.

To the extent Plaintiffs other than Lucas assert claims against the Prison Defendants, such claims are invalid. Plaintiffs Covenant Investment Fund, LP, Prosapia Capital Management, LLC, Phalanx Technology Holdings, LLC and Asherlee Management Services, LLC make no allegations and state no claims against Prison Defendants. *See generally* Complaint. With respect to Plaintiffs Liebing and McCool, Judge Williams concluded that "any claims by [P]laintiffs Liebing and McCool" should be dismissed because both Plaintiffs lack standing. Report and Recommendation at 20-21. Plaintiffs did not object to this conclusion. Upon review for plain error, the court finds that there is no ground to reject or modify Judge Williams's conclusion that any claims by Liebing and McCool should be dismissed for lack of standing.

### C. Heck v. Humphrey *and Issue Preclusion*

Plaintiffs argue that the litigation in this matter is not barred by *Heck v. Humphrey*. Plaintiffs' Objections at 9-10. Plaintiffs also argue that, as a general matter, issue preclusion based on the dismissal of a similar complaint in a prior case in the Southern District of Iowa does not apply in this matter. *Id*. at 3-4. Plaintiffs further assert that the dismissal of the complaint in the prior Southern District of Iowa case was on initial review pursuant to 28 U.S.C. § 1915A and would only apply to Lucas, not the other Plaintiffs. *Id*. at 4-5.

In light of the court's conclusion that (1) Sand, Cmelik, Burstein, Miller, Simmons, Ferjak, Judge Baumgartner and Judge Bruns are all entitled to absolute immunity; (2) Lucas failed to exhaust administrative remedies with regard to his prisoner's rights claims; and (3) Liebing and McCool lack standing to bring any claims against Defendants, the court determines that it need not address Judge Williams's conclusions that (1) "[P]laintiffs['] Section 1983 claims are barred by the holding in *Heck*"; and (2) Plaintffs'

10

"claims against all non-Prisoner Defendants" should be dismissed based on issue preclusion. Report and Recommendation at 31-32. The court shall not adopt this section of the Report and Recommendation. Accordingly, the court shall overrule these objections as moot.

### D. Sanctions

#### 1. *Defendants' Motion for Sanctions*

Judge Williams concluded that Defendants' Motion for Sanctions should be denied for failure to comply with Fed. R. Civ. P. 11. *See* Report and Recommendation at 43-44. Neither party objected to Judge Williams's conclusion. Upon review for plain error, the court finds that there is no ground to reject or modify Judge Williams's conclusion that Defendants' Motion for Sanctions should be denied.

#### 2. **Sua Sponte** *Sanctions*

Judge Williams recommended that the court consider *sua sponte* imposing sanctions against Plaintiffs and Plaintiffs' attorneys for refiling many of the same claims that were dismissed in a Southern District of Iowa case and for filing frivolous claims. *See* Report and Recommendation at 44-45. Plaintiffs object to Judge Williams's recommendation that the court *sua sponte* impose sanctions. *See* Plaintiffs' Objections at 11. Plaintiffs assert, in conclusory fashion, that, based on the legal authority they cite, "it is clear objectively that the verified [C]omplaint for declaratory and injunctive relief sets forth non-frivolous claims and sets forth claims supported by existing law." *Id*.

In order to address the issue of *sua sponte* sanctions, the court must first review the procedural history and dismissal of Plaintiffs' complaint filed pro se in a prior case in the Southern District of Iowa ("SDIA Complaint") (S.D. Iowa, No. 16-CV-419-SMR (docket no. 1)). On July 14, 2016, Plaintiffs filed the SDIA Complaint. On August 8, 2016, the Honorable Stephanie M. Rose, United States District Court Judge for the Southern District of Iowa, dismissed the SDIA Complaint. *See* Initial Review Order (S.D. Iowa, No. 16-

CV-419-SMR (docket no. 8)). Judge Rose dismissed the SDIA Complaint primarily on procedural grounds. First, Judge Rose determined that Lucas's claims that he was "actually innocent" and that his "criminal conviction should be overturned" were claims that should be brought "through a petition for a writ of habeas corpus not an action brought under 42 U.S.C. § 1983." Initial Review Order at 8. Second, Judge Rose found that:

> It appear[ed] that Plaintiffs also [sought] monetary damages based on due process violations during Plaintiff Lucas's criminal trial. . . . Any claim under 42 U.S.C. § 1983 seeking damages for his allegedly unconstitutional conviction or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is barred unless a plaintiff first demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, insofar as Plaintiffs claim due process was violated when corporate assets were seized and distributed as part of Plaintiff Lucas's criminal proceedings, that claim is barred by *Heck*.

*Id*. at 8-9. Third, Judge Rose dismissed the claims brought by Liebing and McCool "[b]ecause they ha[d] not made the requisite showing for standing." *Id*. at 9. Fourth, Judge Rose dismissed Covenant Investment Fund, LP, Prosapia Capital Management, LLC, Phalanx Technology Holdings, LLC and Asherlee Management Services, LLC "because no licensed attorney ha[d] filed a pleading on behalf of these entities." *Id*. at 10. Judge Rose concluded, "[f]or all of the above-stated reasons, the claims of the Plaintiffs 'lack[] an arguable basis either in law or fact,' . . . and must be dismissed." *Id*. (second modification in original). The Initial Review Order did not state whether the SDIA Complaint was dismissed with or without prejudice.

The SDIA Complaint is nearly identical to the Complaint in this action. In the

Report and Recommendation, Judge Williams noted that, "other than new claims of mistreatment by prison authorities, the essence of the two complaints is the same, and the same plaintiffs bring many of the same claims they brought in the [Southern District of Iowa], despite that [c]ourt's dismissal of the [SDIA Complaint]." Report and Recommendation at 10. Judge Williams further noted that, "[i]n comparing the relief [P]laintiffs seek in the instant case against what they sought in the SDIA [C]omplaint, there is again significant overlap." *Id*. at 17. In recommending that the court impose sanctions *sua sponte*, Judge Williams found that "[P]laintiffs' refiling of many identical claims in this [c]ourt, after they were dismissed by the United States District Court for the Southern District of Iowa [was] frivolous" and he found "many of [P]laintiffs' other claims to be frivolous." *Id*. at 44.

In *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004 (8th Cir. 2006), the Eighth Circuit Court of Appeals stated:

> Rule 11 sanctions may be warranted when a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Fed. R. Civ. P. 11(b)(1), contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or contains denials of factual contentions that are not warranted on the evidence. Fed. R. Civ. P. 11(b)(4).

*Id*. at 1008. "A district court may impose Rule 11 sanctions on its own initiative. . . ." *Id*. If a court decides to impose sanctions under Rule 11, "it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule." *Id*. Imposition of a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

With the foregoing background in mind, the court shall now consider whether to impose sanctions *sua sponte*. The claims for relief in the instant Complaint are nearly

13

identical to the claims for relief in the SDIA Complaint. However, Plaintiffs hired attorneys, who, at a minimum, corrected most of the procedural errors contained in the SDIA Complaint, which had been filed pro se. The claims against the Prison Defendants were also added to the Complaint in the instant action. The court does agree with Judge Williams's conclusion that, "[d]espite the fact that lawyers wrote the instant complaint, it is poorly drafted and organized." Report and Recommendation at 11. In addition, the court finds that the claims for relief were poorly or incompletely researched by Plaintiffs' two attorneys.

The court finds that sanctions may be justified in this matter, but declines to exercise its authority to impose sanctions *sua sponte*. Although the Complaint is nearly identical to the SDIA Complaint in many respects, the Complaint does not appear to have been "presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). Moreover, the SDIA Complaint was dismissed primarily on procedural grounds which the instant Complaint generally corrected. New claims were also added to the Complaint in the instant action. Accordingly, the court shall not adopt this section of the Report and Recommendation.

Although the court declines to impose sanctions *sua sponte* in this instance, it cautions Plaintiffs and Plaintiffs' attorneys not to present similar claims or frivolous claims to this court in the future. If frivolous claims are presented to this court in the future, Plaintiffs and/or Plaintiffs' attorneys will be ordered to appear in person and show cause as to why sanctions should not be imposed. *See* Fed. R. Civ. P. 11(c)(1).

### *VI. CONCLUSION*

In light of the foregoing, it is hereby **ORDERED**:

(1) Plaintiffs' Objections (docket no. 53) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 49) is **ADOPTED IN PART** and **MODIFIED IN PART**;

(3) The Motion to Dismiss (docket no. 36) is **GRANTED**;

(4) The Motion for Sanctions (docket no. 38) is **DENIED**;

(5) The Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**DATED** this 6th day of August, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA